No. 42266.—Protests 709535–G, etc., of V. W. Davis (Duluth).

Opinion by McClelland, P. J.   In accordance with stipulation of counsel and on the authority of *Myers* v. *United States* (T. D. 49530) it was held that an allowance should have been made for tonguing, grooving, and planing in the board measurement of the lumber in question.

No. 42267.—Protest 838552–G of Samuel Shapiro & Co., Inc. (Baltimore).

Opinion by McClelland, P. J.   In accordance with stipulation of counsel and on the authority of *Laurence Phillips* v. *United States* (T. D. 49624) it was held that the timber in question should not have been assessed under section 601 (c) (6).   The protest was sustained as to the board measurement of lumber on the authority of *Myers* v. *United States* (T. D. 49530).

No. 42268.—Protest 982048–G of J. E. Higgins Lumber Co. (San Francisco).

Opinion by McClelland, P. J.   In accordance with stipulation of counsel and on the authority of *Laurence Phillips* v. *United States* (T. D. 49624) the protest was sustained as to part of the merchandise.

No. 42269.—Protests 982644–G, etc., of Mitsubishi Shoji Kaisha, Ltd. (San Francisco).

Opinion by McClelland, P. J.   In accordance with stipulation of counsel and on the authority of *Nozaki* v. *United States* (C. D. 61) the boxes in question were held entitled to free entry.

Before the Third Division, September 30, 1939

No. 42270.—Protest 935064–G of Okonite Co. (New York).

Opinion by Cline, J.   It appeared that the merchandise consists of telephone equipment and styrene imported for use in the factory of the importing company and that the United States solicitor reported that it should have been excepted from the marking requirements under article 513 (a) (3), Customs Regulations of 1931 or article 532 (a) (3), Customs Regulations of 1937.   On the record presented the protest was sustained.